IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NATHAN ROLFS, | Case No. 4:25-CV-00007-JTJ |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| CITY OF GREAT FALLS, LANCE SOUZA AND JONATHAN MARSHALL, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Nathan Rolfs ("Rolfs") filed a First Amended Complaint in the Montana Eighth Judicial District Court against the City of Great Falls ("City"), Cascade County, City of Great Falls police officers, Lance Souza ("Souza") Josh Garner ("Garner") Kristi Kinsey ("Kinsey"), Jonathan Marshall ("Marshall"), and Cascade County Deputy Jacob Vanzuyt ("Vanzuyt") (collectively "Defendants"). Souza, Garner, Kinsey, and Marshall removed the case to federal court. (Doc. 1).

Rolfs' First Amended Complaint alleged Count 1: Violation of 42 USC § 1983 against Defendants; Count II: *Monell* claim against the City  and Cascade

County; and Count III: Negligence against Defendants. The Court dismissed Cascade County and Vanzuyt following uncontested Motions for Summary Judgment. (Docs. 54 and 55).

The City filed a Motion for Summary Judgment and briefs in support. (Docs. 35, 36 and 76). Rolfs' response conceded that Counts I and II (§ 1983 claim and *Monell* claim) should be dismissed against the City. (Doc. 62.) Accordingly, the Court dismissed these counts against the City. (Doc. 85).

Souza, Garner, Kinsey, and Marshall also filed a Motion for Summary Judgment and briefs in support. (Docs. 39, 40 and 75). Rolfs' response conceded that Garner and Kinsey should be dismissed from the case. (Doc. 64). Rolfs also conceded that Count III, the Negligence claim, should be dismissed against Souza and Marshall, as the City is required to indemnify the officers pursuant to Mont. Code Ann. § 2-9-305. (Id). Accordingly, the Court dismissed Garner and Kinsey and dismissed the negligence claim against Souza and Marshall. (Doc. 86). The only claims remaining to be addressed by the Court are Rolfs' negligence claim against the City and Rolfs' § 1983 claim against Souza and Marshall.

## II. ROLFS' NEGIGENCE CLAIM AGAINST THE CITY

The Court heard oral argument on February 17, 2026, regarding the City's Motion for Summary Judgment (Doc. 35), concerning Count III: Negligence, the remaining claim against the City. The Court dismissed the negligence claim against

2

the City, finding there is no cause of action for negligent use of excessive force. *Gregory v. State*, 2022 WL 358178 at *4 (D. Mont. 2022) (holding that no cause of action exists for negligent use of excessive force or negligent arrest because negligent use of excessive force, by definition, involves an intentional act, and, therefore, cannot provide the basis for a negligence claim); *Ryan v. Napier*, 425 P. 3d 230, ¶20 (Ariz. 2018) (holding that the alleged negligent use of intentionally inflicted force is not a cognizable claim).

During oral argument, counsel for Souza and Marshall stated that they would not be arguing that their use of force in arresting Rolfs was negligent. Given this, Rolfs agreed that his negligence claim against the City was not viable. Further, the City acknowledged it would indemnify and hold Souza and Marshall harmless for Rolfs' § 1983 claim against them and for all damages, including any award of punitive damages.

## III.  § 1983 CLAIM AGAINST SOUZA AND MARSHALL

### A. Background

During the early morning hours of January 21, 2020, Rolfs' mother contacted law enforcement to have Rolfs removed from her residence. Great Falls police officers Souza and Garner arrived at approximately 5:00 a.m. After not being able to get Rolfs to voluntarily leave the premises, Souza and Garner attempted to arrest Rolfs for the offense of criminal trespass.

3

Kinsey and Marshall arrived to assist. The officers contend that Rolfs resisted arrest and, as a result, Souza and Marshall used "hard empty hand techniques" to subdue Rolfs. Rolfs claims that Souza and Marshall used knee strikes to his torso and head, as well as hand strikes to his torso and head, while he was prone, restrained, and not resisting.

### B. Legal Standards

#### 1. Summary Judgment

Fed. R. Civ. P. 56 (a) provides a party is entitled to summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248-52 (1986).

Once the moving party meets its initial burden, the nonmoving party "may not rest upon the mere allegations or denials of his pleading, but … must set forth 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp*. at 324.

4

The Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in the non-moving party's favor. *Anderson* at 255.

### 2. Qualified Immunity

The qualified immunity inquiry proceeds in two steps. When a defendant asserts qualified immunity, the Court must evaluate: (i) whether the defendant violated a constitutional right, and (ii) whether that constitutional right was clearly established at the time of the defendants' conduct. *Gonzalez v. City of Phoenix*, 163 F.4th 1289, 1296 (9th Cir. 2026).

### C. DISCUSSION

#### 1. Does a genuine issue of material fact exist regarding whether Souza and Marshall's use of force in arresting Rolfs violated his Fourth Amendment right to be free from excessive force?

Rolfs' First Amended Complaint alleges that Souza and Marshall violated his constitutional rights protected by the Fourth and Fourteenth Amendments by using excessive force when they arrested him. Souza and Marshall contend that their use of force was objectively reasonable and, therefore, not excessive. During oral argument, Rolfs conceded that Souza and Marshall were entitled to summary judgment as to the alleged violation of his Fourteenth Amendment rights. (Doc. 64, p 34). Accordingly, the Court grants summary judgment to Souza and Marshall regarding any alleged violation of Rolfs' Fourteenth Amendment rights.

An officers' use of force violates the Fourth Amendment if it is objectively unreasonable. *Gonzalez*, 163 F.4th at 1297.  Courts weighing excessive force claims apply the following three non-exclusive factors: (i) the severity of the crime, (ii) whether the suspect posed an immediate threat to the officers' or public safety, and (iii) whether the suspect was resisting arrest or attempting to escape. *Id.*

Because this balancing is "inherently fact specific," courts have been cautioned that "the determination whether the force used to effect an arrest was reasonable under the Fourth Amendment should only be taken from the jury in rare cases." *Id.*

Rolfs has produced evidence that he did not pose a risk of death or serious bodily injury to any officer or bystander, and it was unreasonable for any officer to believe he posed a threat which justified the amount of force Souza and Marshall used in arresting him.  (Doc. 63).  Rolfs argues that the repeated strikes using open hands, closed fists, and knee strikes to Rolfs' torso and head while he was lying on the ground and being restrained by law enforcement officers were excessive. (Id.). Accordingly, contrary to Souza and Marshall's contention that the force they used in arresting Rolfs was objectively reasonable as a matter of law, Rolfs has established a genuine issue of material fact as to whether such force was objectively reasonable under the totality of the circumstances. (Docs. 63 and 65).

A reasonable jury could determine that the force Rolfs claims Souza and

Marshall used in arresting him was excessive in violation of the Fourth Amendment. Therefore, Souza and Marshall are not entitled to summary judgment on the issue of whether they used excessive force in arresting Rolfs.

## 2. Are Souza and Marshall are entitled to qualified immunity?

The qualified immunity doctrine "shields an official from damages in a civil suit unless the plaintiff can make the showing that the official's actions violated a constitutional right, and that the right was 'clearly established' at the time of the violative conduct." *Nelson v. City of Davis*, 685 F.3d 867, 875 (9th Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Plaintiff must satisfy both prongs of this test to overcome an officer's qualified immunity defense. *Gonzalez,* 163 F.4th at 1297.

In the Ninth Circuit where the question of whether officers violated the Fourth Amendment turns on disputed issues of material fact, qualified immunity may not be resolved at summary judgment. *Santo v. Gates*, 287 F.3d 846, 855 (9th Cir. 2002); *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003). As noted above, the parties dispute material facts bearing directly on the objective reasonableness of the force Souza and Marshall used, including the nature and degree of Rolfs' resistance and whether he posed an immediate threat to officers or public safety. The Court must assume all factual disputes are resolved, and all reasonable inferences are drawn, in Rolfs' favor. *Rosenbaum v. City of San Jose*, 107 F. 4th 919, 924 (9th Cir.

2024) (quoting *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012)). Taking the evidence in light most favorable to Rolfs, Rolfs has satisfied the first step in the qualified immunity analysis.

Souza and Marshall contend, however, that even if their use of force was deemed excessive, they are entitled to qualified immunity because their actions did not violate clearly defined and established law. (Doc. 40, p. 31). Rolfs contends that Souza and Marshall are not entitled to qualified immunity because established case law clearly prohibited them from using knee strikes to Rolfs' torso and head, as well as hand strikes to Rolfs' torso and head when he was restrained, lying on the ground and not resisting the officers. (Doc. 64, pp. 32-33). For example, in *Drummond ex rel. Drummond v. City of Anaheim,* 343 F.3d 1052, 1059 (9th Cir. 2003*),* the court held that an officer's continued force against a prone, restrained, and non-resisting individual was excessive.

As stated in *Gonzalez*, the clearly established law analysis must proceed based on a plaintiff's allegations rather than a defendant's' framing of the evidence. *Gonzalez,* 163 F.4th at 1304. The Supreme Court has emphasized "the importance of drawing inferences in favor of the nonmovant" when deciding "the clearly-established prong" of the qualified immunity analysis." *Id*.

Drawing all inferences in favor of Rolfs, clearly established law prohibited Souza and Marshall from punching and kneeing him in head and torso while he was

prone, restrained, and non-resisting. *Drummond,* 343 F.3d at 1059 (9th Cir. 2003); *Tuuamalemalo v. Green*, 946 F.3d 471, 477 (9th Cir. 2019); and *Hyde v. City of Wilcox* 23 F.4th 863, 872 (9th Cir. 2023). Accordingly, Souza and Marshall are not entitled to qualified immunity.

## IV. Conclusion

Viewing the evidence in the light most favorable to Rolfs, factual issues remain regarding whether Souza and Marshall's kneeing and punching Rolfs in the head and torso after Rolfs was prone, restrained, and not resisting constitutes excessive force. Furthermore, drawing all reasonable inferences in Rolfs' favor, clearly established law prohibits using such force under the totality of the circumstances. Therefore, Souza and Marshall are not entitled to summary judgment on Rolfs' § 1983 claim and are not entitled to qualified immunity.

Accordingly, **IT IS ORDERED:**

1. The City's Motion for Summary Judgment (Doc. 35) on Rolfs' Count III: Negligence is **GRANTED.**

2. Souza and Marshall's Motion for Summary Judgment (Doc. 39) regarding any alleged violation of Rolfs' Fourteenth Amendment rights is **GRANTED**.

3. Souza and Marshall's Motion for Summary Judgment (Doc. 39) on Count I: § 1983 is **DENIED.**

DATED 20th day of February 2026.

John Johnston
United States Magistrate Judge